KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lonnie Walker, | No. CV 07-0138-PHX-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

On January 19, 2007, Plaintiff Lonnie Walker, formerly confined in the Maricopa County Towers Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. For the reasons set forth below, the Court will dismiss Plaintiff's complaint without prejudice.

**I.    Returned Mail**

On January 19, 2007, the Court filed a Notice Of Assignment ("Notice"), which assigned this action to the undersigned Judge. A copy of the Notice was mailed by the Clerk of Court to Plaintiff at his last known address at the Towers Jail on January 19, 2007. On January 29, 2007, the Notice of Assignment was returned to the Court as undeliverable. Plaintiff has failed to file a Notice of Change of Address or to in any way notify the Court of his whereabouts. Accordingly, the Clerk of Court has been unable to remail the copy of the Notice to Plaintiff.

Local Rule of Civil Procedure 3.4(a) requires that an incarcerated litigant comply with the instructions attached to the court-approved complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2).

**II.     Failure to Prosecute**

Plaintiff has the general duty to prosecute this case. <u>Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. <u>Id.</u> at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v.</u>

1  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Here, the first, second, and third factors favor
2  dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents
3  the case from proceeding in the foreseeable future. The fourth factor, as always, weighs
4  against dismissal. The fifth factor requires the Court to consider whether a less drastic
5  alternative is available. Without Plaintiff's current address, however, certain alternatives are
6  bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not
7  warranted or an order imposing sanctions would only find itself taking a round trip tour
8  through the United States mail." 856 F.2d at 1441.

9  The Court finds that only one less drastic sanction is realistically available. Rule
10 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
11 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
12 the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint
13 and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
14 Federal Rules of Civil Procedure.

15 **IT IS THEREFORE ORDERED** that the Complaint (Doc. #1) and this action are
16 **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure
17 for failure to prosecute, and the Clerk of Court must enter judgment accordingly.

18 DATED this 26th day of February, 2007.

_____
David G. Campbell
United States District Judge